119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mae CULBERTSON; Ladette Armstrong, individually and as
guardian ad litem for Tyler Armstrong; Marsha Hall,
individually and as guardian ad litem for Matthew Hall;
Mary Tommila, individually and as guardian ad litem for
Jacinda Tomaila and Keaira Tomaila; Child Evangelism
Fellowship of Oregon, an Oregon non-profit corporation,
Plaintiffs-Appellees,
v.
OAKRIDGE SCHOOL DISTRICT NO. 76; Larry Horton, in his
official capacity as Superintendent; Michael Keown, in his
official capacity as former Superintendent; Michael
Lambert, in his official capacity as former Principal of
Oakridge Elementary School; Jane McAlvage, in his official
capacity as Principal of Oakridge Elementary School; Don
Crist, Curtis Dornath, Pam Moody, Susan Obermeyer, and John
Whettle, in their official capacities as directors of the
Oakridge School District No. 76, Defendants-Appellants.
 Nos. 97-35001, 97-35328, CV-96-6216-TMC.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1997.
Filed July 17, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding
 Before GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Our review of the grant of a preliminary injunction is extremely narrow in scope. Greqorio T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995). Applying this extremely narrow standard of review, we find no cause to reverse. The two orders that the district judge has imposed pending trial may be complied with without any risk of a constitutional violation. Under the first order, the school district is prohibited from requiring teachers to distribute "non-school related" literature. That order, on its face, does not implicate the Establishment Clause. To comply with it, the school district must simply refrain from ordering teachers to distribute any literature that is not related to the school's functions or activities. Not ordering teachers to distribute literature would not offend any constitutional provision relating to religion. The second order requires that to the extent school premises are made available to outside groups, they must be made available on equal terms to all such groups. Again, the order imposes no obligation that requires the school district to infringe on the guarantees of the Establishment Clause. The district may avoid any constitutional questions by opening the school premises to outside groups only after all children and teachers have left for the day.
 
 
 3
 We note that cases are to proceed in the regular course while appeals from preliminary injunctions are pending in this court. It is on that understanding that we have adopted rules and policies affecting the decisional process in such cases. Should a preliminary injunction prove to have been unwarranted, or should it turn out that the party obtaining the injunction is not entitled to permanent relief, any harm that may have been done by the issuance of the preliminary order will be substantially minimized if the district court does not delay the trial in order to wait for our decision.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3